IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENDRICK LATHAM,

        Petitioner,

v.                                                    CIVIL ACTION NO. 5:15CV122
                                                      (JUDGE STAMP)

C. WILLIAMS, Warden,

        Respondent.

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On September 18, 2015, the *pro se* petitioner, an inmate at FCI Gilmer in Glenville, West Virginia, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he seeks an order expunging incident report 2379010, returning earned good time credit, and requiring BOP to define duration, vicinity, and relaying messages to outside sources. On September 25, 2015, the petitioner paid the required $5.00 filing fee. By Order entered October 13, 2015, the court directed the respondent to show cause why the petition should not be granted. On October 28, 2015, the respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. On November 2, 2015, a Roseboro Notice was issued, and on November 18, 2015, the petitioner filed a response.

**II. FACTS**

On November 17, 2012, during telephone monitoring by staff, it was discovered that the petitioner made an unauthorized telephone call for another inmate who was on phone restriction. ECF No. 8-3 at 2.

Incident report #2379010 was filed November 24, 2012. Id. The Unit Disciplinary Committee (UDC) recommended the incident be referred to the Disciplinary Hearing Officer (DHO) and that petitioner be found guilty, lose good time credit, and phone privileges. Id. Petitioner received his Inmate Rights at Discipline Hearing on November 30, 2012. Id. at 7. Petitioner received a Notice of Discipline Hearing before a DHO on November 30, 2012. Id. at 5. At the hearing, petitioner waived his right to a staff representative, admitted the information in the incident report was accurate, but stated he did not know this conduct was against policy. Id. at 10. The DHO found petitioner committed the prohibited act of use of telephone for abuses other than criminal activity because the DHO found it unlikely petitioner did not know the act committed was prohibited. Id. at 11. The DHO disallowed 27 days good conduct time; sentenced petitioner to 20 days segregation, suspended pending 180 days clear conduct; 90 days loss of telephone; and additional 90 days loss of telephone, suspended pending 180 days clear conduct. Id. Petitioner was advised of his appeal rights and received a copy of the report on February 5, 2013. Id.

### III. CONTENTIONS OF THE PARTIES

The petitioner does not deny that he committed the prohibited act as charged, nor does he allege any violation of his due process rights during the disciplinary proceeding. Instead, he maintains that he did not know the rule because inmates are not given notifications or warning of the existence of this rule. ECF No. 1.

In response to the petition, the respondent argues that the petitioner received all the due process required by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974). In addition, the respondent argues that the evidence relied upon by the DHO was sufficient for a finding of guilt in the petitioner's case. ECF No. 8.

2

In his reply to the response [ECF Nos. 12 & 17], petitioner reiterates the claims in his petition.

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."; id. at 570

3

(citations omitted).  Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim."  Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)).  In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id.

### B. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases.  See Blackledge v. Allison, 431 U.S. 63, 80 (1977).  So too, has the Fourth Circuit Court of Appeals.  Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991).  Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no national trier of fact could find for the nonmoving party.  Miller v. Federal Deposit Ins. Corp., 906 F. 2d 972, 974 (4th Cir. 1990).  However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment.

4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

## V. ANALYSIS

Prison disciplinary proceedings are not criminal prosecutions, and prisoners do not enjoy "the full panoply of due process rights due a defendant in such [criminal] proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credit, Wolff holds that due process requires the following:

1. giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

5

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

Id. at 564-571.

Petitioner received written notice of the charges November 24, 2012, which was more than 24 hours prior to the DHO hearing which was held December 9, 2012.

Petitioner was provided a written statement by the DHO as to the evidence relied on and the reasons for the disciplinary action. The DHO report, dated February 5, 2013, notes the specific evidence relied upon to support the finding that petitioner willfully violated Code 297, Use of the Telephone for Abuses Other Than Criminal Activity-Circumventing. In addition, the report explains the reason for the disciplinary action. ECF No. 8-3 at 12.

Petitioner was advised of his right to call witnesses and present documentary evidence. He chose not to exercise those rights. ECF No. 8-3 at 6.

Petitioner initially requested and then waived the right to a staff representative to assist him during the hearing (ECF No. 8-3 at 10). The Petitioner was provided an impartial decision-maker. In accordance with BOP regulations, the DHO did not act as the reporting official, investigating officer, UDC member, or witness and did not play a role in referring the charges.

Not only was the petitioner provided all the due process rights required by Wolff, but also the findings made by the DHO are sufficient to support the finding that the petitioner violated

Prohibited Act Code 297. The Supreme Court held in <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 455 (1985) that "[t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." The Supreme Court further stated:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

<u>Id.</u> at 455-56 (citations omitted).

In reaching his decision, the DHO considered the reporting officer's statements contained in the Incident Report, as well as the petitioner's admission that he did place a telephone call for another inmate but did not know it was a prohibited act. After considering all of the evidence, the DHO found that the petitioner had willfully violated Code 297A - Use of the Telephone for Abuses Other Than Criminal Activity-Circumventing. So long as there is evidence to support the DHO's determination, it must stand. <u>See</u> <u>Superintendent</u> at 455-56. Here, the testimony and documents considered by the DHO clearly provided "some evidence" from which a rational conclusion could be drawn that the petitioner committed the act as charged.

The undersigned acknowledges that the petitioner argues that he was not aware that his actions violated BOP policy until after he had committed the prohibited act. Even if true, this argument would not preclude the DHO from finding that he had committed the prohibited act. Moreover, the Court has been provided a Second Declaration from Sharon Wahl, a paralegal at FCI Beckley. In it, she states that each inmate who is designated to FCI McDowell is informed during his Admission and Orientation presentation he had been oriented in all applicable areas including

7

telephone privileges. The petitioner signed his Unit Admission and Orientation Program Checklist in May of 2011, indicating that on May 18, 2011, he had been oriented in all of the applicable areas, including Telephone Privileges, and had the opportunity to discuss the same with staff. ECF 19-1. Ex. 1, Attachment C, page 8 of 12. Sharon Wahl also notes that in addition to completing the Institution's Admission and Orientation Program (which is mandatory), each inmate is provided a copy of the Admission and Orientation ("A&O") Handbook during his intake screening. Page 34 of the A&O Handbook informs inmates that inmates are given a personal access code "PAC" to prevent one inmate's account to be accessed by other inmates. Allowing another inmate to utilize your PAC will result in an incident report. ECF 19-1 at 2. Page 52 of said Handbook states circumventing telephone monitoring procedures is a violation. Id. The petitioner received his A&O Handbook on May 12, 2011. Id., at 1. Assuming, arguendo, that petitioner's Affidavit and Declaration [ECF 21-4, at 1-2] is completely true in every respect, the BOP had no duty to specifically advise prisoners of the definitions of "outside services" and "vicinity and duration". As noted above there is express information that inmates cannot circumvent the telephone monitoring process. That is more than sufficient to comply with Wolff. Therefore, there is more than sufficient evidence to indicate that the petitioner was advised that circumventing telephone monitoring procedures is a violation.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 8] be **GRANTED**, and the petitioner's § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 29 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy of all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 20, 2016

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE