IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENDRICK LATHAM,

    Petitioner,

v.                                            Civil Action No. 5:15CV122
                                                                   (STAMP)

C. WILLIAMS, Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.  Background

At issue is the pro se[1] petitioner's, a federal prisoner, petition filed under 28 U.S.C. § 2241 ("§ 2241"). In his petition, he alleges claims regarding his violation of prison policies, in which the petitioner made a telephone call for another inmate who had phone restrictions. ECF No. 8 *3 at 10. At the discipline hearing before the Discipline Hearing Officer ("DHO"), the petitioner waived his right to a staff representative and admitted that the information in the incident report was accurate. However, the petitioner contended that he did not know his conduct was against prison policy. Id. at 10. The DHO found that the petitioner violated prison policy by using a telephone for "abuses other than criminal activity (Aiding)". Id. at 11. The DHO

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

imposed the following: (1) disallowed 27 days good conduct time; (2) sentenced petitioner to 20 days segregation, suspended pending 180 days clear conduct; (3) loss of telephone for 90 days; and (4) additional 90-day loss of telephone, suspended pending 180 days clear conduct. Id. Petitioner was advised of his appeal rights following the DHO findings and received a copy of the report on February 5, 2013. Id.

Petitioner seeks the following relief in his § 2241 petition: an order expunging incident report #2379010; a return of earned good time credit; and requiring the Bureau of Prisons ("BOP") to define duration, vicinity, and relaying messages to outside sources. The respondent filed a motion to dismiss, or in the alternative, motion for summary judgment. ECF No. 8. The magistrate judge then entered a notice under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), and Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979), to which the petitioner responded.

United States Magistrate Judge James E. Seibert entered a report and recommendation. ECF No. 22. In that report and recommendation, the magistrate judge recommends that the respondent's motion to dismiss, or in the alternative, for summary judgment (ECF No. 8) be granted, and petitioner's § 2241 petition be denied and dismissed with prejudice. More specifically, the magistrate judge found that the petitioner's DHO hearing was not improperly conducted. The petitioner timely filed objections to

the report and recommendation, wherein he objected generally to the magistrate judge's findings.[2] The petitioner also filed a motion, which he has titled a "certificate of appealability," wherein he requests that this Court "clarify" various BOP policies.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED, and the petitioner's objections are OVERRULED.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

---

[2]The petitioner titles his objections as a "Notification of Appeal." Upon review of that filing, this Court construes the petitioner's filing as an objection to the report and recommendation of the magistrate judge.

333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

III. Discussion

Prison disciplinary proceedings are not criminal prosecutions, and prisoners do not enjoy "the full panoply of due process rights due a defendant in such [criminal] proceedings." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credit, Wolff holds that prisoners are afforded several procedural safeguards. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance[.]" Id. at 564. Second, "a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action, must be provided to the prisoner." Id. at 564-65 (citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Third, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff at 566. Fourth, "[w]here an illiterate inmate is involved, however, or

4

whether the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." Id. at 570. Finally, the prisoner facing disciplinary proceedings is to be provided "impartial" fact-finders that do not present "such a hazard of arbitrary decisionmaking that it should be held violative of due process of law." Id. at 572.

This Court finds that the petitioner received due process afforded to him under Wolff. Petitioner was given written notice of the charges at least 24 hours before he appeared for his disciplinary hearing. On November 24, 2012, staff member D. Young gave the petitioner a copy of the Incident Report for Prohibited Act Code 297, Phone Abuse or Circumventing Phone Procedures, before his appearance on November 30, 2012. ECF No. 8 *3 at 10. Petitioner was also provided a "Notice of Discipline Hearing Before the Discipline Hearing Officer" form on November 30, 2012, well before the hearing on December 19, 2012. Id. The fact finders from the DHO hearing provided the petitioner a written statement on February 5, 2013 as to the evidence relied on and reasons for the disciplinary action in the form of the DHO report. ECF No. 8 *3 at 11-13. That statement provides a detailed account of the evidence

5

relied on in Section V and reasons for the action taken by the DHO in Section VII.

Further, staff member B. Huffman informed the petitioner of his rights to call witnesses and present documentary evidence in his defense. The petitioner, however, ultimately decided against exercising those rights and, thus, did not request witnesses. Id. at 10. Moreover, the petitioner waived his right to a staff representative to assist him at the hearing. Id. The record further shows the petitioner was provided an impartial decision maker, specifically DHO R. Devereaux. In accordance with BOP regulations, DHO Devereaux did not act as the reporting official, investigating officer, UDC member, or witness, and did not play a role in referring the charges. Id. at 12.

In essence, the petitioner alleges no facts which support his objections (ECF. No. 25) and fails to show that the "court's ruling" and "logic" to which he objects are incorrect. Id. This Court finds that the petitioner was provided due process as required by Wolff and that the DHO made sufficient findings in the "Incident Report," "Notice of Disciplinary Hearing," and "Discipline Hearing Office Report" to support the conclusion that petitioner violated Prohibited Act Code 297 (ECF No. 8). As to the petitioner's motion, titled "certificate of appealability," such motion must be denied for three reasons. First, the certificate of appealability requirement under 28 U.S.C. § 2253(c) does not apply

when a petitioner seeks relief under § 2241.  See Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).  Here, the petitioner asserts his claims pursuant to § 2241, meaning that a certificate of appealability is not required in order to challenge the claims denied by this Court.

Second, this Court has ruled on the merits of the petitioner's claims and has found that he faced no violation of his due process rights.  Finally, to the extent that the petitioner asks this Court to "order the B.O.P. to clarify" its rules, such relief must also be denied.  Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Bell v. Wolfish, 441 U.S. 520, 547 (1979).[3]  Such deference to prison officials "is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the **province** of the Legislative and Executive Branches of our Government, not the Judicial."  Wolfish, 441 U.S. at 548 (citing Procunier v. Marinez, 416 U.S. 396, 405 (1974)) (emphasis added).  In this case, the BOP's policies at issue likely are not within the

---

[3]Even more pointedly, an "inmate has no right to unlimited telephone use."  Benzel v. Grammar, 869 F.2d 1105, 1108 (8th Cir. 1982).

province of this Court, and therefore, the petitioner's motion (ECF No. 24) is DENIED.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 22) is AFFIRMED AND ADOPTED. Therefore, the respondent's motion to dismiss, or alternatively, motion for summary judgment (ECF No. 8) is hereby GRANTED, and the petitioner's motion titled as a certificate of appealability (ECF No. 24) is DENIED. Accordingly the petitioner's claims are DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 28, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE